JS-6

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
ANN LUOTTO WOLF
Assistant United States Attorney
California State Bar No. 137163
    United States Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California  92701
    Telephone:  (714) 338-3533
    Facsimile:  (714) 338-3708
    Email:      Ann.Wolf@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTY IN GARDEN GROVE, CALIFORNIA,<br><br>    Defendant.<br><br>ZNC PLAZA, INC.; EVERTRUST BANK; AGSTAR FINANCIAL SERVICES; JONG OCK MAO; PLAZA SUNSET INVESTMENTS, LP; ZNC ENTERPRISES, LLC; JONG'S CONSULTING, INC.; WASHINGTON MUTUAL BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and EDWARD LUTT,<br><br>    Claimants.<br><br>AND CONSOLIDATED ACTIONS. | NO.  **SA CV 06-378-AHS (MLGx)**<br>[AND THE FOLLOWING CONSOLIDATED ACTIONS:<br>**SACV 06-384-AHS (MLGx)**<br>**SACV 06-387-AHS (MLGx)**<br>**SACV 06-388-AHS (MLGx)**<br>**SACV 06-392-AHS (MLGx)**<br>**CV 06-2216-AHS (MLGx)**<br>**CV 06-5081-AHS (MLGx)**<br><br>**CONSENT JUDGMENT**<br><br>[This document pertains to all actions **except** <u>Real Property in Las Vegas, NV</u>, CV 06-2210; <u>Real Property in La Puente, CA</u>, CV 06-2212; <u>Real Property in Paramount, CA</u>, CV 06-2217; and <u>$46,050.41 Bank Account Funds</u>, CV 07-167 -- it is **not** dispositive of the entire consolidated action] |

1  On April 11, 2006, plaintiff United States of America
2  ("plaintiff" or the "government") commenced forfeiture actions
3  against:
4      -- a parcel of real property located in Garden Grove,
5      California, <u>United States v. Real Property in Garden Grove,</u>
6      <u>California</u>, SACV 06-378-AHS (MLGx) (the "Garden Grove
7      property action");
8      -- a parcel of real property located in Palestine, Texas,
9      <u>United States v. Real Property in Palestine, Texas</u>, SACV 06-
10     384-AHS (MLGx) (the "Palestine property action");
11     -- a parcel of real property located in Madisonville, Texas,
12     <u>United States v. Real Property in Madisonville, Texas</u>, SACV
13     06-387-AHS (MLGx) (the "Madisonville property action");
14     -- a parcel of real property located in Marianna, Florida,
15     <u>United States v. Real Property in Marianna, Florida</u>, SACV
16     06-388-AHS (MLGx) (the "Marianna property action");
17     -- a parcel of real property located in Beaumont,
18     California, <u>United States v. Real Property in Beaumont,</u>
19     <u>California</u>, EDCV 06-392-AHS (MLGx) (the "Beaumont property
20     action"); and
21     -- a parcel of real property located in Baldwin Park,
22     California, <u>United States v. Real Property in Baldwin Park,</u>
23     <u>California</u>, CV 06-2216-AHS (MLGx) (the "Baldwin Park
24     property action").
25 On February 8, 2007, the government filed a Second Amended
26 Complaint for Forfeiture against the following seized assets:
27     -- $629,710.76 in bank account funds (the "defendant bank
28     account funds");

2

1  -- $21,767.00 in U.S. currency (the "defendant currency");
2  -- one 2002 Renegade Motorhome (the "Motorhome");
3  -- one 2004 JCB Backhoe with enclosed cab, serial no.
4     903465,(the "Backhoe");
5  -- one mortgage or loan note in the amount of $300,000 (the
6     "Note"); and
7  -- $341,262.00 in net proceeds from the sale of real
8     property in South Gate, California (the "defendant
9     proceeds").

Collectively, the defendant bank account funds, the defendant currency, the Motorhome, the Backhoe, the Note, and the defendant proceeds shall be referred to herein as the "seized assets."

In each of these consolidated actions, the government alleges that the defendant properties were purchased with proceeds of violations of the Travel Act, 18 U.S.C. § 1952(a), and/or were involved in money laundering transactions, rendering the assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

On May 30 and July 14, 2006, claimant ZNC Plaza Inc. ("claimant ZNC") filed, respectively, a statement of interest and an answer in the Garden Grove property action. On May 18 and 24, 2006, lien-holder claimant Evertrust Bank filed a statement of interest and an answer, respectively, in the Garden Grove property action. Pursuant to stipulated order, the Garden Grove property was sold, lien-holder claimant Evertrust Bank was paid in full, and, on July 16, 2007, the net proceeds in the sum of $2,800,485.72 were substituted as the defendant res in the Garden Grove property action.

3

On May 30 and July 14, 2006, claimant Jong's Consulting Inc. ("claimant Jong's") filed, respectively, a statement of interest and an answer in the Palestine property action.  On June 30, 2008, claimant Jong's filed for bankruptcy.  The bankruptcy trustee has filed a motion for an order authorizing the sale of the Palestine property, which motion is set for hearing September 10, 2008.

On May 30 and July 14, 2006, claimant Jong Ock Mao ("claimant Mao") filed, respectively, a statement of interest and an answer in the Madisonville property action.  On May 17, 2006, lien-holder claimant AgStar Financial Services, as agent for First Source Capital Mortgage, filed a statement of interest and an answer in the Madisonville property action.  Pursuant to stipulated order, the Madisonville property was sold, lien-holder claimant AgStar Financial Services, as agent for First Source Capital Mortgage, was paid in full, and, on August 7, 2008, the net proceeds in the sum of $216,597.16 were substituted as the defendant *res* in the Madisonville property action.

On May 31 and July 14, 2006, claimant Plaza Sunset Investments LP ("claimant Plaza") filed, respectively, a statement of interest and an answer in the Marianna property action.  In or about November 2006, the Marianna property was sold at a foreclosure sale to lien-holder Peoples South Bank.

On May 30 and July 19, 2006, claimant Jong Ock Mao ("claimant Mao") filed, respectively, a statement of interest and an answer in the Beaumont property action.

On May 30 and July 14, 2006, claimant ZNC Enterprises LLC ("claimant ZNC") filed, respectively, a statement of interest and

an answer in the Baldwin Park property action. Pursuant to stipulated order, the Baldwin Park property was sold, and, on August 25, 2006, the net proceeds in the sum of $98,592.61 were substituted as the defendant <u>res</u> in the Baldwin Park property action.

On October 4, 2006, claimants Jong Ock Mao, Jong's Consulting Inc., Mao Family Limited Partnership, MX Oasis Inc., County Wide Investment LLC, Plaza Sunset Investment LP, ZMX R Inc., ZNC Compassion Foundation, ZNC Enterprise LLC, ZNC Plaza Inc., and ZNC Plaza Management Inc. (collectively, "claimant Mao") filed statements of interest in the seized assets action.

No other claims, statements of interest, or answers have been filed in the Garden Grove property action, the Palestine property action, the Madisonville property action, the Marianna property action, the Beaumont property action, the Baldwin Park property action, and the seized assets action, and the time for filing claims, statements, and answers has expired.

The government and claimants have agreed to settle the Garden Grove property action, the Palestine property action, the Madisonville property action, the Marianna property action, the Beaumont property action, the Baldwin Park property action, and the seized assets action and to avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of plaintiff and claimants,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.  This Court has jurisdiction over the Garden Grove property action, the Palestine property action, the Madisonville

5

1 property action, the Marianna property action, the Beaumont
2 property action, the Baldwin Park property action, and the seized
3 assets action pursuant to 28 U.S.C. §§ 1345 and 1355.
4     2.   The Complaints for Forfeiture state claims for relief
5 pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).
6     3.   Notice of the actions has been given as required by
7 law.  Claimants identified herein filed the only claims,
8 statements of interest, and/or answers in the Garden Grove
9 property action, the Palestine property action, the Madisonville
10 property action, the Marianna property action, the Beaumont
11 property action, the Baldwin Park property action, and the seized
12 assets action.  The Court deems that all other potential
13 claimants admit the allegations of the Complaints for Forfeiture
14 to be true.
15     4.   Claimants agree to forfeiture as set out below.  A
16 judgment of forfeiture is hereby entered in favor of the United
17 States, which shall dispose of the following defendant properties
18 in accordance with the law:
19       (A)  $2,800,485.72 in net proceeds from the sale of the
20     Garden Grove property plus all accrued interest on the
21     entirety of the net proceeds are hereby forfeited to the
22     United States of America, and no other right, title, or
23     interest shall exist therein.
24       (B)  The net proceeds, if any, from the trustee sale of
25     the Palestine property are hereby forfeited to the United
26     States of America, and no other right, title, or interest
27     shall exist therein.
28       (C)  $216,597.16 in net proceeds from the sale of the

Madisonville property plus all accrued interest on the entirety of the net proceeds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(D)  $98,592.61 in net proceeds from the sale of the Baldwin Park property plus all accrued interest on the entirety of the net proceeds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(E)  The defendant bank account funds plus all accrued interest on the entirety of the defendant bank account funds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(F)  The defendant currency plus all accrued interest is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(G)  The Backhoe is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(H)  The Note is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(I)  The defendant proceeds plus all accrued interest are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

5.   The Internal Revenue Service ("IRS") shall transfer $249,642.60 of the forfeited funds to the Department of Homeland Security - U.S. Customs and Border Protection ("CBP") to

7

1 reimburse CBP for the monies withdrawn from the defendant bank
2 account funds to pay the lien of Lariat Construction Services,
3 Inc.
4     6.   The action against the Marianna property is hereby
5 dismissed.
6     7.   The Motorhome, which was previously returned to
7 claimant Mao, shall be retained by claimant Mao.
8     8.   The action is hereby dismissed against the Beaumont
9 property.  The government will record a withdrawal of lis pendens
10 within 30 days of the entry of judgment.
11    9.   Claimants will execute further documents, to the extent
12 necessary, to convey clear title to the defendant properties and
13 to further implement the terms of this Consent Judgment.
14    10.  Claimants hereby release the United States of America,
15 its agencies, officers, and employees, including employees of the
16 Department of Homeland Security, Immigration and Customs
17 Enforcement, IRS -- Criminal Investigation Division, and CBP, and
18 local law enforcement agencies, their agents, officers, and
19 employees, from any and all claims, actions, or liabilities
20 arising out of or related to these actions, including, without
21 limitation, any claim for attorneys' fees, costs, or interest on
22 behalf of claimants, whether pursuant to 28 U.S.C. § 2465 or
23 otherwise.
24    11.  The Court finds that there was reasonable cause for the
25 institution of these proceedings against the Garden Grove
26 property, the Palestine property, the Madisonville property, the
27 Marianna property, the Beaumont property, the Baldwin Park
28 property, and the seized assets.  This judgment shall be

1  construed as a certificate of reasonable cause pursuant to 28
2  U.S.C. § 2465.
3         12.  The Court further finds that claimants did not
4  substantially prevail in the actions, and all parties shall bear
5  their own attorneys' fees and other costs of litigation.
6  DATED:  October 22, 2008

*ALICEMARIE H. STOTLER*
_____
THE HONORABLE ALICEMARIE H. STOTLER
CHIEF UNITED STATES DISTRICT JUDGE

                           CONSENT

     The government and claimants consent to judgment and waive
any right of appeal.

DATED:  October 9, 2008        THOMAS P. O'BRIEN
                               United States Attorney
                               CHRISTINE C. EWELL
                               Assistant United States Attorney
                               Chief, Criminal Division
                               STEVEN R. WELK
                               Assistant United States Attorney
                               Chief, Asset Forfeiture Section

                                    _____/ S /_____
                               ANN LUOTTO WOLF
                               Assistant United States Attorney

                               Attorneys for Plaintiff
                               United States of America


DATED:  September 8, 2008           _____/ S /_____
                               JONG OCK MAO, Claimant

DATED:  September ___, 2008
                                    _____/ S /_____
                               PAUL L. GABBERT

                               Attorney for Claimants
                               ZNC Plaza Inc., Jong Ock Mao, Mao
                               Family Limited Partnership, MX
                               Oasis Inc., County Wide Investment
                               LLC,  Plaza Sunset Investment LP,
                               ZMX R Inc., ZNC Compassion
                               Foundation, ZNC Enterprises LLC,
                               ZNC Plaza Management Inc., and
                               Jong's Consulting Inc.

9

```
 1  DATED:  September 4, 2008      SHEPPARD MULLIN RICHTER & HAMPTON
 2
 3                                          _____/s/_____
                                            RICHARD W. BRUNETTE, JR.
 4                                          THERESA LOUISE WARDLE

 5                                          Attorneys for Claimant
                                            AgStar Financial Services
 6
 7
 8  DATED:  October 10, 2008 LAW OFFICES OF DAVID BOW WOO
 9
10                                          _____/s/_____
                                            DAVID BOW WOO
11
                                            Attorneys for Claimant
12                                          Evertrust Bank
```